### REALTY BOND & MORTGE CO v HIGH

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10990. Decided Dec 22, 1930

Davis & Young, Cleveland, for Mtge Co.
J. DeKaiser and M. C. Harrison, both of Cleveland, for High.

**VICKERY, PJ.**

We have gone over this record, heard the argument of counsel and familiarized ourselves with the briefs and have come to the conclusion that the judgment of the court below must be reversed for error in the charge of the court and for error in directing a verdict in favor of Jaffee. The charge to which exception is taken is as follows:

"If you find by a preponderance of the evidence in this case that the defendant, The Realty Bond and Mortgage Company, on May 25, 1928, was in possession and control of said building known as The Lorain Overlook Apartment Building, in the City of Lorain, Ohio, and particularly of Suite 413 of that building; and that the plaintiff was engaged on that date in the work of installation under a contract with said defendant, then I say to you that such defendant was under a legal duty to exercise ordinary care for the safety of the plaintiff in protecting him against any dangerous and defective condition of said building and its fixtures and fittings; and if you find further by like proof, that the defendant failed to exercise such care for the safety of the plaintiff, it was guilty of negligence."

The complaint about this charge and the fault we find with it, is that it throws an absolute duty upon the owner of the building. It really makes the owner of the building liable, whether he had knowledge of the defect of the manner in which the shade was put up, or whether by the exercise of ordinary care he should have known. It makes him liable irrespective of knowledge, or irrespective of the fact that he could not have learned without extraordinary care.

It seems from the evidence that the roller on which this shade was placed was shorter by 3-8 of an inch than it should have been according to where the brackets were placed, and when the plaintiff who was employed to put in window screens was tapping the wall to cut in the numbers on the screens, that this window shade became dislodged from its brackets and fell and struck him in the eye as above outlined.

Now the owner of the building hired a Window Shade Company to put up these brackets and shades, and there is nothing in the record to show that there was anything that would attract the attention of the owner whatever to the manner in which this shade was put up; and there is nothing in the record to show that this shade had fallen before or that the owner had any means of knowing or knowledge of its condition. It probably had operated all right and not until this wall was tapped did the shade fall, so far as the record is concerned.

Now this takes away from it the possibility of being a "res ipsa" case and the suit is not planted upon that theory at all. It seems to us if anybody was liable in this case it would have been the independent contractor the Shade Company, that is, Jaffee who put the shades in. There does not seem to be in this record any negligence proven against the owner other than the mere falling of the shade when the wall was tapped for the purpose of numbering the screen.

So under the evidence as it appears in this case the charge of the court was erroneous and the error was prejudicial as already pointed out in that it made the own--

er responsible for the condition of the shade which he did not put in and of the insecure position of which he apparently had no knowledge. We think that this was so erroneous that plaintiff in error was prevented from having a fair trial.

The judgment will, therefore, be reversed against the plaintiff for error in the charge and against the Window Shade Company for error of the court in directing a verdict in its favor; and the cause will be remanded to the Common Pleas Court for a new trial.

Levine and Weygandt, JJ, concur.